UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

CEDRIC SCOTT ANDERSON,

Plaintiff,

v.

OFFICER SCHULTE, individually and in
her official capacity; and CITY OF
DULUTH, MINNESOTA,

Defendants.

Case No. 26-CV-0191 (PJS/LIB)

ORDER

---

Plaintiff Cedric Scott Anderson is currently being prosecuted in state court for having allegedly made threats against a law-enforcement officer. *See State of Minnesota v. Anderson*, No. 69DU-CR-23-3456 (Minn. Dist. Ct.). Anderson alleges that the ongoing prosecution is unlawful, and he is seeking relief under 42 U.S.C. § 1983 and state law.

Anderson was previously ordered to show cause why this matter should not be dismissed or stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). *See* ECF No. 4. As a general matter, someone being prosecuted in state court cannot assert claims in federal court that are likely to be adjudicated as part of the state-court proceedings. When litigants do bring such claims, the federal court almost always must abstain from exercising jurisdiction over the civil lawsuit. *See Plouffe v. Ligon*, 606 F.3d 890, 892 (8th

Cir. 2010) ("The *Younger* abstention doctrine, as it has evolved, provides that federal courts should abstain from exercising jurisdiction when (1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.").

In his response to the order to show cause, Anderson "acknowledges the general principles set forth in" *Younger* while nevertheless arguing that the Court should not abstain from exercising jurisdiction because, according to Anderson, his prosecution is being conducted in bad faith. ECF No. 5 at 1. It is true that "federal courts should not abstain under *Younger* if 'bad faith, harassment, or some extraordinary circumstance . . . would make abstention inappropriate.'" *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004) (quoting *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 479 (8th Cir. 1998)). But Anderson's allegations of "bad faith" are extraordinarily flimsy. In essence, Anderson argues that, if the jury does not believe that state's primary witness against him, then Anderson is likely to be acquitted. Of course, the same could be said for just about *everyone* charged with a crime in state court, and yet such defendants are not entitled to litigate in federal court issues that are likely to be litigated as part of the underlying prosecutions. *Younger* cannot be evaded so easily.

"In cases where damages are sought in the federal suit, the Supreme Court instructs that traditional abstention principles generally require a stay as the appropriate mode of abstention," rather than dismissal. *Night Clubs, Inc.*, 163 F.3d

2

at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996)).  Anderson is not clear regarding the specific remedy he is seeking in this action, but the complaint refers to Anderson as having suffered damages resulting from "loss of liberty, property, income, emotional distress, and reputational harm."  Complaint ¶ 58 [ECF No. 1]. Anderson appears to be seeking monetary compensation for those alleged damages rather than (or perhaps in addition to) injunctive relief in the form of cessation of the prosecution.

The Court therefore concludes that this matter must be stayed until the ongoing state-court prosecution against Anderson has concluded.  The stay will be lifted upon the entry of judgment in that matter.  Upon the lifting of the stay, this matter will be reviewed pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether Anderson's complaint states a viable claim for relief—and, should Anderson be convicted, to determine whether and to what extent his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.      This matter is STAYED pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

2.      The stay imposed in this matter will be lifted upon entry of judgment in *State of Minnesota v. Anderson*, No. 69-DU-23-3456 (Minn. Dist. Ct.).

3

Dated: May 13, 2026                    /s/ Patrick J. Schiltz
                                       Patrick J. Schiltz, Chief Judge
                                       United States District Court